**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HOWARD WHIMS,
Plaintiff-Appellant,

v.

CARL R. HARBAUGH, individually
and as Sheriff of Frederick County,

Maryland; MITCHELL L. HOSE,
Director of Personnel of Frederick
County; FREDERICK COUNTY BOARD
OF COMMISSIONERS,
Defendants-Appellees.

No. 95-2336

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Walter E. Black, Jr., Senior District Judge.
(CA-94-1166-B)

Argued: July 8, 1996

Decided: April 14, 1998

Before RUSSELL* and WIDENER, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.
_____

*Judge Russell heard oral argument in this case but died prior to the
time the decision was filed. The decision is filed by a quorum of the
panel. 28 U.S.C. § 46(d).

**COUNSEL**

**ARGUED:** Willie James Mahone, Frederick, Maryland, for Appellant. Kevin Bock Karpinski, ALLEN, JOHNSON, ALEXANDER & KARP, Baltimore, Maryland, for Appellees. **ON BRIEF:** Daniel Karp, ALLEN, JOHNSON, ALEXANDER & KARP, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiff, Howard Whims, appeals a grant of summary judgment in the District of Maryland for defendants, Carl Harbaugh, Martin Hose, and the Frederick County Board of Commissioners, as to plaintiff's complaint alleging wrongful termination of his employment with the Frederick County Sheriff's Department and a denial of procedural due process. We affirm.

I.

Whims became employed as a deputy sheriff with the Frederick County Sheriff's Department in 1970. He subsequently served until a newly elected sheriff, Carl Harbaugh, terminated his employment on May 3, 1991. At that time he was serving in the position of Chief of Operations.[1] The only notice Whims received of his termination

_____

[1] The record indicates some dispute over whether plaintiff was serving as Chief of Operations or Chief Deputy, a position he had once held, at the time of his termination. As Chief Deputy, he would have arguably been entitled to even fewer procedural protections than he would as a regular sheriff's deputy. For purposes of the motion for summary judgment, however, the parties agreed that plaintiff was not Chief Deputy at the relevant time.

2

comprised a letter stating simply that his employment had been terminated and that he was being placed on administrative leave until the termination's effective date. The letter did not suggest a cause for his termination, and no hearing, either prior or subsequent, was held on the matter.

Whims later filed suit in district court against Sheriff Harbaugh, Frederick County Personnel Director Martin Hose, and the Frederick County Board of Commissioners. In his amended complaint, plaintiff alleges wrongful discharge and violation of the Accardi doctrine. The wrongful discharge claim is based both on the substance of plaintiff's termination and on an asserted denial of procedural rights. The Accardi claim is grounded on a Supreme Court decision requiring a federal agency to follow the rules it promulgates. **2** See United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 267 (1954). After an oral hearing, the district court granted defendants' motion for summary judgment as to plaintiff's amended complaint.

Plaintiff appeals, contending that the district court erred in holding that 1) he could be terminated at will because he was not covered by the termination provisions of the Frederick County Personnel Rules; 2) he was not entitled to be assigned to another available job upon abolishment of his position as required by the Frederick County Personnel Rules; and 3) he has not alleged sufficient facts to establish that his discharge did not comply with the Frederick county Personnel Rules.

_____

**2** On appeal, plaintiff does not appear to challenge the district court's determination that application of the Accardi doctrine is not appropriate in this case. The Supreme Court has ruled that the Accardi doctrine enunciates principles of administrative law rather than constitutional law binding upon the States. Board of Curators v. Horowitz, 435 U.S. 78, 92 n.8 (1978). The district court thus reasoned that an independent due process violation does not occur when a state agency violates its own rules. Alternatively, the court found that defendants did not violate their own rules because the personnel rules did not apply to plaintiff anyway. For the reasons discussed infra in this opinion, we at least agree with this latter basis for finding Accardi irrelevant and therefore do not address the first basis.

3

II.

We review summary judgments de novo and view the evidence in the light most favorable to the nonmoving party. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

Plaintiff's appeal focuses on the district court's determination of his procedural claims. We, however, are of opinion that the district court decided these issues properly. To maintain a procedural due process claim, plaintiff must first establish that a protected life, liberty, or property interest is at stake. Mathews v. Eldridge, 424 U.S. 319, 332 (1976). The legitimate expectation of continued employment, a property interest, is the only potential interest implicated here. A local government employee who serves at the pleasure of his employer has no legitimate expectation of continued employment and thus no property interest. Bishop v. Wood, 426 U.S. 341, 345 (1976), overruled in part on other ground by Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 540-41 (1985). Plaintiff must therefore demonstrate that he did not serve solely at his employer's discretion.

Plaintiff argues that Frederick County's personnel rules apply to his termination, thereby supplying him with an expectation of continued employment absent action under the procedures prescribed by the personnel rules. However, Maryland state law provides that "[a]ll deputy sheriffs, except the chief deputy, are subject to county personnel regulations with regard to qualifications for hiring, promotion and compensation with regard to matters not covered by the Law-Enforcement Officers' Bill of Rights." Md. Cts. & Jud. Proc. Code Ann. § 2-309(l)(3). The list of matters covered by the personnel regulations does not include terminations. Furthermore, the same subsection states that all full-time civilian employees, as opposed to deputy sheriffs, are subject to the personnel regulations regarding the same matters but also specifically including "disciplinary actions." In addition, the Frederick County personnel rules pertaining to disciplinary actions provide that they apply "[e]xcept as otherwise provided for by statutes or by resolution." All of this language indicates that the

4

county personnel rules were not meant to apply to deputy sheriffs in the area of terminations. Thus, we cannot agree with plaintiff's contention that, despite the Maryland statute's clear language, the Frederick County personnel rules apply to his termination.

For similar reasons, we cannot agree that the county's personnel rules entitled plaintiff to be assigned to another position upon abolition of his job. Plaintiff argues that under the rules defendants had an obligation to try to provide him other job opportunities with the Sheriff's Department. Again, this is not a matter relating to hiring, promotion, or compensation. Plaintiff, therefore, is not entitled to the rules' protection.

Because the county's personnel rules do not govern plaintiff's termination, he is an employee at will and has no legitimate claim to an expectation of continued employment. Thus, he has not been deprived of a property interest within the Fourteenth Amendment's procedural protections. Accordingly, we affirm the district court's grant of summary judgment for the defendants for the reasons expressed by the district court in its oral opinion.

AFFIRMED

5